### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Personal Wealth Partners, LLC, | ) |
| | ) |
| Plaintiff, | )   **ORDER** |
| | ) |
| vs. | ) |
| | ) |
| Gary Dean Ryberg and Kestra Investment Services, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| vs. | ) |
| | ) |
| Daniel E. Steichen, | )   Case No. 1:22-cv-144 |
| | ) |
| Additional Counterclaim Defendant. | ) |

On December 19, 2024, Judge Traynor issued an order requiring the Parties to participate in a settlement conference with the undersigned on January 9, 2025, at 9:00 AM CST. (Doc. No. 206). The undersigned subsequently issued an order that provided in relevant part the following:

> The [settlement] conference will be held in Bismarck (courtroom 2) and attended, in-person or virtually, by all parties, together with trial counsel (if they are represented) for each party. At least one person for each party shall appear in person to facilitate the virtual appearance by others. Requests for relief from this requirement must be made in advance.

(Doc. No. 208).

On December 23, 2024, the Parties filed a "Joint Motion to Permit Remote Appearances at Settlement Conference." (Doc. No. 209). They request that all of them be permitted to appear at the settlement conference remotely as "none of the Parties or counsel in this matter are local to Bismarck, North Dakota," and that "t he requirement that at least one person for each party attend

1

the Settlement Conference in person imposes the cost of travel and accommodation for counsel to attend the Settlement Conference upon the Parties." (Doc. No. 209).

The Parties' statement that none of Parties or counsel are local to Bismarck is inaccurate as the record reflects that Plaintiff has retained local counsel with an office in Bismarck. Absent more, the fact that the Parties or counsel may not *all* be local to Bismarck is not reason enough to waive the requirement that each Party have a representative present to facilitate the virtual appearance of others. The requirement that each Party have a representative physically present at the settlement conference is not particularly onerous.

The undersigned nevertheless appreciates that the settlement conference was scheduled on relatively short notice to take place immediately following holiday season, which arguably could create some logistical issues for the Parties and counsel. Consequently, the court shall **GRANT IN PART** the Parties' motion (Doc. No. 209) and relieve the Parties of the requirement that they each have a representative present at the courthouse in Bismarck on January 9, 2024.

The Parties and their counsel shall be permitted to appear at the settlement conference virtually. The Parties shall make the necessary arrangements among themselves for the settlement conference to be conducted virtually. As Plaintiff has retained local counsel with an office in Bismarck, the court shall require a person (read: support staffer, IT person, etc.) from that office to appear personally in court at 9:00 AM on January 9, 2024, to ensure that the undersigned is able to connect with everyone else virtually. The parties shall provide the undersigned with a status report at least two days prior to the settlement conference to advise of the arrangements they have made for proceeding virtually. This status report should be emailed to the undersigned at ndd_J-Hochhalter@ndd.uscourts.gov.

**IT IS SO ORDERED.**

Dated this 26th day of December, 2024.

<u>*/s/ Clare R. Hochhalter*</u>
Clare R. Hochhalter, Magistrate Judge
United States District Court
